UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIC M. BEAVIN ADMINISTRATOR OF THE ESTATE OF ANNETTE BLAZIN-BEAVIN, ET AL : : : | CIVIL ACTION NO.:3:20-CV-00482 |
| Plaintiffs : : | |
| vs. : : | |
| WILLIAM W. BACKUS HOSPITAL, ET AL : : : | JULY 22, 2020 |
| Defendants : | |

## ANSWER AND AFFIRMATIVE DEFENSES

**COUNT ONE:**   (PLAINTIFFS v. DEFENDANT, BACKUS HOSPITAL)

The undersigned defendants do not respond to the allegations contained in this Count as they are not directed to these defendants.

**COUNT TWO:**   (PLAINTIFFS v. DEFENDANT, BACKUS CORPORATION)

The undersigned defendants do not respond to the allegations contained in this Count as they are not directed to these defendants.

**COUNT THREE:**   (PLAINTIFFS v. DEFENDANT, HARTFORD HOSPITAL)

The undersigned defendants do not respond to the allegations contained in this Count as they are not directed to these defendants.

**COUNT FOUR:**   (PLAINTIFFS v. DEFENDANT, HARTFORD HEALTHCARE CORPORATION)

The undersigned defendants do not respond to the allegations contained in this Count as they are not directed to these defendants.

**COUNT FIVE:**   (PLAINTIFFS v. DEFENDANT, HARTFORD HEALTHCARE MEDICAL GROUP, INC.)

1. Defendant Hartford Healthcare Medical Group, Inc. (HHCMG) is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 1, and thus, neither admits nor denies the same and leaves the plaintiffs to their proof

2. HHCMG is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 2, and thus, neither admits nor denies the same and leaves plaintiff to their proof except to admit that a copy of the purported appointment was attached the to the Complaint as Exhibit 1.

3. HHCMG does not respond to this allegation as James Carl Blazin-Beavin is no longer a plaintiff in this case and his claims have been dismissed by stipulation.

4. HHCMG does not responds to this allegation as Eric Mitchell Beavin is no longer a plaintiff in this case and his claims have been dismissed by stipulation.

5. HHCMG is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 5, and thus, neither admits nor denies the same and leaves plaintiffs to their proof.

6. The allegations in paragraph 6 state a legal conclusion to which no response is required. To the extent that a response is required, HHCMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore, neither admits nor denies the same and leaves plaintiffs to their proof.

7-10. HHCMG does not respond to the allegations contained in paragraphs 7 through 10 as they are not directed at this defendant.

11. The allegations contained in paragraph 11 state a legal conclusion that does not require a response. To the extent one is required HHCMG neither admits nor denies the allegations and leaves plaintiffs to their proof.

12 – 29. HHCMG does not respond to the allegations contained in paragraphs 12 through 29 as they are not directed at these defendants.

30. HHCMG only responds to those allegations alleged against it and denies the allegations.

31-32. HHCMG is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraphs 31 and 32 and thus, neither admits nor denies the same and leaves plaintiff to their proof except to admit that Dr. Schwartz is a board certified neurosurgeon who had privileges at Hartford Hospital.

33. HHCMG is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraphs 33 and thus, neither admits nor denies the same and leaves plaintiff to their proof except to admit that Dr. Schwartz did provide medical care to the decedent and to direct plaintiffs to the medical records for a more accurate reflection of that care and timing.

34. This allegation states legal conclusions regarding duty that do not require a response except that defendant admits that Dr. Schwartz was engaged in the practice of medicine.

35. HHCMG only responds to those allegations alleged against it and denies that Dr. Schwartz was an employee at the times mentioned, leaves plaintiffs to their proof as to the remaining allegations and also denies any implication that his care was negligent.

36. HHCMG only response to those allegations alleged against it and denies the allegations as stated.

37-77. These allegations are not directed to HHCMG and so no response is necessary. To the extent a response, is required defendant admits that the decedent received medical care as documented in the medical records and as may be fleshed out and given context to through the discovery process.

78-90. HHCMG does not respond to the allegations contained in paragraphs 78-90 as they are not directed at this defendant.

91. HHCMG denies the allegations contained in paragraph 91 and all related subparts.

92-101. HHCMG denies the allegations contained in paragraphs 92-101.

**COUNT SIX:** **(PLAINTIFFS v. DEFENDANT, UNITED COMMUNITY AND FAMILY SERVICES, INC.)**

The undersigned defendants do not respond to the allegations contained in this Count as they are not directed to these defendants.

**COUNT SEVEN:** **(PLAINTIFFS v. DEFENDANT, IPC HEALTHCARE)**

The undersigned defendants do not respond to the allegations contained in this Count as they are not directed to these defendants.

**COUNT EIGHT:** **(PLAINTIFFS v. DEFENDANT, IPC HOSPITALISTS OF NEW ENGLAND)**

The undersigned defendants do not respond to the allegations contained in this Count as they are not directed to these defendants.

**COUNT NINE:** **(PLAINTIFFS v. DEFENDANT, IPC THE HOSPITALIST CO.)**

The undersigned defendants do not respond to the allegations contained in this Count as they are not directed to these defendants.

**COUNT TEN:** **(PLAINTIFFS v. DEFENDANT, TEETHA R. SWAMY IYAH, MD)**

The undersigned defendants do not respond to the allegations contained in this Count as they are not directed to these defendants.

**COUNT ELEVEN:** **(PLAINTIFFS v. DEFENDANT, ALFRED CAUDULLO, DO)**

The undersigned defendants do not respond to the allegations contained in this Count as they are not directed to these defendants.

**COUNT TWELVE:** **(PLAINTIFFS v. DEFENDANT, INDRAMATTIE JOSEPH, PA)**

The undersigned defendants do not respond to the allegations contained in this Count as they are not directed to these defendants.

**COUNT THIRTEEN:** **(PLAINTIFFS v. DEFENDANT, PAUL J. SCHWARTZ, MD)**

1. Defendant Paul J. Schwartz, MD (DR. SCHWARTZ) is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 1, and thus, neither admits nor denies the same and leaves the plaintiffs to their proof

2. DR. SCHWARTZ is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 2, and thus, neither admits nor

denies the same and leaves plaintiffs to their proof except to admit that a copy of the purported appointment was attached the to the Complaint as Exhibit 1.

  3. DR. SCHWARTZ does not respond to this allegation as James Carl Blazin-Beavin is no longer a plaintiff in this case and his claims have been dismissed.

  4. DR. SCHWARTZ does not respond to this allegation as Eric Mitchell Beavin is no longer a plaintiff in this case and his claims have been dismissed.

  5. DR. SCHWARTZ is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 5, and thus, neither admits nor denies the same and leaves plaintiffs to their proof.

  6. The allegations in paragraph 6 state a legal conclusion to which no response is required.  To the extent that a response is required, DR. SCHWARTZ is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore, neither admits nor denies the same and leaves plaintiffs to their proof.

  7-10. DR. SCHWARTZ does not respond to the allegations contained in paragraphs 7 through 10 as they are not directed at this defendant.

  11. The allegations contained in paragraph 11 state a legal conclusion that does not require a response.  To the extent one is required Dr. Schwartz is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 11, and thus, neither admits nor denies the same and leaves plaintiff to their proof.

  12 – 30. DR. SCHWARTZ does not respond to the allegations contained in paragraphs 12 through 30 as they are not directed at these defendants.

31-32. DR. SCHWARTZ admits the allegations contained in paragraphs 31-32 but clarifies that his office is located at 100 Retreat Avenue, Hartford, CT and that he has privileges to practice at Hartford Hospital located at 80 Seymour Street.

33. DR. SCHWARTZ is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 33 and thus, neither admits nor denies the same and leaves plaintiff to their proof except to admit that he provided medical care to the decedent and to direct plaintiffs to the medical records for a more accurate reflection of the time frame as to when the physician-patient relationship existed.

34. This allegation states legal conclusions regarding duty that do not require a response except that defendant admits that he was engaged in the practice of medicine and he did so with professional skill, knowledge, and care.

35. DR. SCHWARTZ denies that he was employed by any of the entities mentioned in this paragraph as he was an employee of Neurosurgeons of Central CT, PC, leaves plaintiffs to their proof as to the remaining allegations and denies any implication that his care was negligent.

36. DR. SCHWARTZ only responds to those allegations alleged against him and denies the allegations as stated.

37-77. These allegations are not directed to DR. SCHWARTZ and so no response is necessary.  To the extent a response is required defendant admits that the decedent received medical care as documented in the medical records and as may be fleshed out and given context to through the discovery process.

78-90. DR. SCHWARTZ does not respond to the allegations contained in paragraphs 78-90 as they are not directed at this defendant.

91.	DR. SCHWARTZ denies the allegations contained in paragraph 91 and all related subparts.

92-100.	DR. SCHWARTZ denies the allegations contained in paragraphs 92-101.

**COUNT FOURTEEN:**	**(PLAINTIFFS v. ALL DEFENDANTS, FOR LOSS OF CHANCE)**

1-90.	The undersigned defendants each restate their responses to paragraph 1-90 as if fully stated herein.

91.-93.	The undersigned defendants only answer with respect to the allegations as directed to them and they deny said allegations contained in paragraphs 91-93.

**COUNT FIFTEEN:**	**(PLAINTIFF ERIC M. BEAVIN, IN HIS OWN RIGHT, V. ALL DEFENDANTS, FOR LOSS OF SPOUSAL CONSORTIUM)**

1-90.	The undersigned defendants each restate their responses to paragraph 1-90 as if fully stated herein.

91.-93.	The undersigned defendants only answer with respect to the allegations as directed to them and they deny said allegations contained in paragraphs 91-93.

**COUNT SIXTEEN:** (PLAINTIFFS ERIC MITCHELL BEAVIN, JAMES CARL BLAZIN-BEAVIN V. ALL DEFENDANTS, FOR LOSS OF PARENTAL/FILIAL CONSORTIUM)

1-90.   The undersigned defendants each restate their responses to paragraph 1-90 as if fully stated herein.

91.-93.   The undersigned defendants only answer with respect to the allegations as directed to them and they deny said allegations contained in paragraphs 91-93.  Moreover, while the Count indicates plaintiffs Eric Mitchell Beavin and James Carl Blazin-Beavin as plaintiffs, said claims by these individuals have been dismissed.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

The claims against the undersigned defendants are barred in whole or in part by the applicable statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

As to the loss of chance count, there can be no recovery for loss of chance in a wrongful death claim.

**THIRD AFFIRMATIVE DEFENSE**

As to the loss of parental consortium claim, there can be no post mortem recovery in a loss of parental consortium case.

**FOURTH AFFIRMATIVE DEFENSE**

Any recovery for a claim of injuries and damages sustained by Plaintiffs should be decreased in whole or in part by the negligence of others, known or unknown, over which the undersigned defendants exercised no control.

**FIFTH AFFIRMATIVE DEFENSE**

Any damages recovered in this action must be reduced by the amount of any benefits the Plaintiffs received from other individuals and/or entities as a result of this incident.

Respectfully submitted,

DEFENDANTS,
HARTFORD HEALTHCARE MEDICAL
GROUP, INC. and PAUL JOSEPH
SCHWARTZ, MD

By ___/s/ Kristin Connors___
Kristin Connors, ct12394
Vimala B. Ruszkowski, ct28324
Stockman O'Connor Connors
10 Middle Street, 11th floor
Bridgeport, CT  06604
Phone (203) 598-7585
Fax (203) 577-5180
kconnors@stockmanoconnor.com
vruskzowski@stockmanoconnor.com

**CETIFICATE OF SERVICE**

    I hereby certify that on July 22, 2020, a copy of the foregoing ANSWER and AFFIRMATIVE DEFENSES was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electric filing as indicated on the Notice of electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

                                                                                          By    /s/ Kristin Connors
                                                                                                      Kristin Connors