```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

ERIC M. BEAVIN, ADMINISTRATOR   :
OF THE ESTATE OF ANNETTE
BLAZIN-BEAVIN, ET AL.,

        Plaintiffs,             :

v.                              :    CASE NO. 3:20-cv-482(RNC)

WILLIAM W. BACKUS HOSPITAL,     :
ET AL.,

        Defendants.             :
```

RULING AND ORDER

On December 23, 2019, plaintiffs brought this action in Connecticut Superior Court against numerous defendants alleging claims for wrongful death and medical malpractice arising from the death of Annette Blazin-Beavin on August 29, 2018.  On April 10, 2020, the United States removed the action to this Court on the ground that certain treatment provided to Ms. Blazin-Bevin by two of the defendants – United Community and Family Services, Inc. ("UCFS") and Geetha R. Swamy Iyah, M.D. – fell within the purview of the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq., pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n).  At the time of the removal, the United States asked to be substituted as the proper defendant in place of UCFS for acts and omissions by UCFS occurring between June 3, 2016 and August 29, 2018, and as the proper defendant for acts and omissions by Dr. Iyah occurring

1

between June 3, 2016 and August 30, 2017.  The United States also moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss any claims based on such acts and omissions on the ground that such claims constitute claims against the United States under the FTCA and plaintiffs failed to exhaust administrative remedies under the FTCA before filing this suit in state court.  The motion has been briefed and argued.  I agree that subject matter jurisdiction is lacking and therefore grant the Rule 12(b)(1) motion to dismiss without prejudice.[1]

The FTCA requires that a claimant exhaust administrative remedies before filing a complaint in federal district court.  This requirement "is jurisdictional and cannot be waived." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005); see also Rosario v. Brennan, 197 F. Supp. 3d 406, 411-12 (D. Conn. 2016).  The requirement governs all FTCA suits, including suits removed to federal court from state court.  Celestine, 403 F.3d at 82 (rejecting argument that FTCA's exhaustion requirement should be eased when a suit is originally brought in state court against a defendant who is not readily identified as a federal employee).

---

[1] The United States also moves pursuant to Rule 12(b)(6) to dismiss the claims against it on the ground that they are time-barred under the FTCA's two-year limitations period.  Because subject matter jurisdiction is lacking, the Rule 12(b)(6) motion will not be addressed at this time.

To exhaust administrative remedies, a plaintiff must present a claim to the appropriate federal agency within two years of the claim's accrual, 28 U.S.C. § 2401, and the agency must then make a final denial of the claim, id. § 2675(a).  If the agency fails to make a final disposition of the claim within six months, the claim may then be filed in federal court.  Id.

A suit initiated before a plaintiff exhausts administrative remedies must be dismissed for lack of subject matter jurisdiction.  See Celestine, 403 F.3d at 84.  If a claimant initiates a suit before exhausting administrative remedies, but subsequently exhausts those remedies while the suit is pending, dismissal of the suit is still mandatory.  See McNeil v. United States, 508 U.S. 106, 107, 111 (1993) (rejecting argument that, as long as no substantial progress has been made in the litigation by the time a claimant exhausts administrative remedies, dismissal is not required); accord Mayes v. United States, No. 15 CIV. 7155 (KPF), 2018 WL 1274029, at *12 (S.D.N.Y. Mar. 5, 2018), reconsideration denied, No. 15 CIV. 7155 (KPF), 2018 WL 9988323 (S.D.N.Y. Aug. 3, 2018), and aff'd, 790 F. App'x 338 (2d Cir. 2020).

It is undisputed that plaintiffs did not file an administrative claim until January 13, 2020, approximately three weeks after this suit was filed in state court.  The lack of a decision by the Department of Human Services within six months

of the filing of the administrative complaint would have sufficed to exhaust plaintiffs' administrative remedies had six months passed before plaintiffs filed suit.  See 28 U.S.C. §2675(a).  However, Celestine and McNeil together require that this suit be dismissed because passage of six months without a final agency decision serves to exhaust administrative remedies only if it occurs before suit is commenced.

Accordingly, the motion to dismiss is granted without prejudice and the action is dismissed for lack of subject matter jurisdiction.  The clerk may enter judgment and close the case.

So ordered this 6th day of April 2021.

                                              /s/ RNC
                                              Robert N. Chatigny
                                          United States District Judge